**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Autozone, Inc.,**
**Employer Below, Petitioner**

**v.)**      **No. 25-221**  (JCN: 2024006671)
                    (ICA No. 24-ICA-284)

**Jordan Baker,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Petitioner Autozone, Inc. appeals the January 29, 2025, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Autozone, Inc. v. Baker*, No. 24-ICA-284, 2025 WL 328221 (W. Va. Ct. App. Jan. 29, 2025) (memorandum decision). Respondent Jordan Baker did not file a response.[1] The issue on appeal is whether the ICA erred in affirming the June 11, 2024, decision of the West Virginia Workers' Compensation Board of Review, which reversed the claim administrator's November 15, 2023, order and granted temporary total disability benefits from October 4, 2023, through December 5, 2023, and thereafter as substantiated by proper medical evidence, except for any period of time following the October 4, 2023, injury that the claimant returned to work on modified duty.

The employer asserts that the ICA and the Board of Review erred in awarding temporary total disability benefits to the claimant because a preponderance of the evidence demonstrates that the claimant did not remain temporarily and totally disabled as a result of his compensable injury after November 2, 2023.[2] Therefore, the employer argues that this Court should reverse the ICA and reinstate the claim administrator's November 15, 2023, order denying temporary total disability benefits. The claimant did not file a response. *See* W. Va. R. App. P. 12(h) (a respondent in a workers' compensation appeal is not required to file a response).

---

[1] The employer is represented by counsel Aimee M. Stern, and the claimant is self-represented.

[2] The Board of Review found that (1) the record does not contain the initial compensability ruling nor any order addressing temporary total disability benefits prior to November 15, 2023, and (2) the record does not contain any offer by the employer to the claimant to return to work on modified duty before November 2, 2023.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm the ICA's affirmation of the Board's decision awarding the claimant temporary total disability benefits from October 4, 2023, through December 5, 2023, and thereafter as substantiated by proper medical evidence, except for any period of time following the October 4, 2023, injury that the claimant returned to work on modified duty. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 10, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison